

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 8, 2015

**BY ECF**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Adam Libby</u>,
             13 Cr. 920 (TPG); 14 Cr. 735 (TPG)

Dear Judge Griesa:

      The Government respectfully submits this memorandum in advance of the sentencing of Adam Libby ("Libby" or the "defendant") scheduled for June 10, 2015, and in response to the Court's questions posed to the parties on May 22, 2015. For the reasons stated in the Government's submission dated May 18, 2015 (the "May 18 Submission"), the Government strongly believes that a substantial incarceratory sentence within the Guidelines range of 70 to 87 months' imprisonment is appropriate in this case.

      As stated in the Government's May 18 Submission, for sentencing purposes, this case is like any other drug case over which the Court has presided. In the New York case, 13 Cr. 920, Libby sold kilogram-quantities of illegal analogue controlled substances to an undercover officer, believing that the undercover officer was going to resell these chemicals to people to smoke as a synthetic cannabinoid. Libby's dangerous, profit-seeking behavior is *no less abhorrent* than someone who sells kilogram-quantities of heroin or cocaine on the streets to make money. Adam Libby is before this Court because he was a high-volume drug dealer, and his sentence should be commensurate with that fact.

      In the Alabama case, 14 Cr. 735, Libby was responsible for providing hundreds of kilograms of chemicals that he purchased from China to a business that manufactured those chemicals into a substance that people would smoke to get high. Libby's co-conspirators in the Alabama case received sentences that reflected their serious criminal conduct. As described in the Government's May 18 Submission, Crystal Henry, who cooperated and testified at the trial of co-conspirator Travis Gross, was sentenced on May 18, 2015 to 24 months' imprisonment, with the benefit of a Government § 5K1.1 motion (which Libby does not have). Travis Gross was sentenced on May 1, 2015 to 156 months' imprisonment after being convicted at trial

Hon. Thomas P. Griesa
June 8, 2015
Page 2

      Libby's primary argument for a short incarceratory sentence, or some sort of creative partial-incarceratory option, is that he takes care of his children while his wife works.  This argument rings entirely hollow and is insufficient to grant Libby's request for a downward variance.  First, Libby was distributing the chemicals in this case from his house in Charlottesville where he lives with his children.  Some of the substances that were sold to the undercover officer were mailed with a return address of Libby's house, and when officers arrested Libby at his home, they recovered other packages of chemicals that Libby had purchased from China.  This is not the behavior of a responsible father; rather, Libby's conduct in this regard demonstrates a willingness to put his children at risk in order to continue his illegal business.

      Second, Libby is no different than any other drug dealer with children in that when he made the deliberate choice to break the law in this case, he knew of the potential hardship he could bring to his family.  Libby *is* different than other drugs dealers that have been before this Court, however, in that his wife is a cardio-thoracic surgeon at the University of Virginia hospital who—based on publicly-available information—makes at least $150,000 per year.  This makes Libby's family particularly well-positioned to find alternative childcare arrangements while Libby serves out a sentence of incarceration.

      In sum, for these reasons and the reasons stated in the May 18 Submission, the Government believes strongly that, pursuant to 18 U.S.C. § 3553(a), a sentence of 70 to 87 months' imprisonment will serve the legitimate purposes of sentencing in this case.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By: _____
      Andrea L. Surratt
      Assistant United States Attorney
      (212) 637-2493

cc:    Jill Shellow, Esq. (by electronic mail and ECF)